## CIRCUIT COURT OF LOUDOUN COUNTY

Recycle America, L.L.C.
(now Environmental Alternatives
Recycling, L.L.C.)

v.

Loudoun County et al.

May 9, 2001

Case Nos. (Chancery) 18913, 19205, 19926

BY JUDGE THOMAS D. HORNE

Environmental Alternative Recycling, L.L.C., is the successor corporation to Recycle America, L.L.C. On July 24, 1997, Recycle America received zoning approval of a site plan for the development of 4.46 acres of land located on Route 50 in Loudoun County, Virginia. The site plan provided for the construction of an enclosed recycling facility on the property. At the time initial approval of the site plan was obtained, material recycling facilities were a permitted by-right use in the zoning district (mineral resources-heavy industry) in which the land was located.

Recycling facilities are regulated by both zoning and solid waste regulations in Loudoun County. Thus, as a condition precedent to construction and of doing business, they must, among other things, meet the requirements of the Solid Waste Management Facilities Ordinance and the Zoning Ordinance. However, while compliance with each is commanded, zoning approval is not conditioned upon obtaining approval under the Solid Waste Management Facilities Ordinance. Va. Code Ann. § 15.2-2286(A)(8) (Michie 1997 & Supp. 2000).

Both the zoning and solid waste ordinances provided for building set backs. The minimum side set back prescribed by the zoning ordinance is 20 feet for the particular district in which the complainant seeks to conduct recycling operations. While the proposed site plan submitted by Recycle

America met the side set back requirements of the zoning ordinance, it failed to meet the 200-foot minimum set back required by the solid waste ordinance. However, the solid waste ordinance provides for a waiver of the set back requirements upon an application to the Board of Supervisors. Solid Waste Management Facilities Ordinance of Loudoun County § 1080.16(c) (1999).

The petitioner submitted an application for the issuance of a license to construct and operate a Materials Recovery Facility at the site. Solid Waste Management Facilities Ordinance of Loudoun County § 1080 (1999). As part of the submission, a waiver application of the 200-foot side set back was forwarded for approval.

In its waiver submission, Recycle America set forth the following reasons for the request:

1. The property is bordered on both sides by property zoned PD-GI and property to the rear zoned CL-I and MR-HI.

2. All operations of the MRF (material recovery facility) will be conducted indoors within a fully enclosed building.

3. No openings or doorways are exposed to the twenty-foot set back shown on the plans.

4. Landscape buffers meet all requirements of the Loudoun County Code and are shown on the Approved Plan.

5. Loudoun County has approved Site Plan LCSA # 97-0058, and a copy is provided with our request for License being submitted concurrently with this Request for Waiver. A copy is attached herewith.

6. This waiver request is for the side property line only. The front and rear set backs from the property line exceed the 200 foot minimum requirement.

7. The set back requested conforms to the Loudoun County CL-1 zoning requirements.

There would be no collection, burial, or acceptance of sewage liquid or solids, and solid and liquid hazardous waste would be prohibited.

The set back requirements contained in the Solid Waste Management Facilities Ordinance of Loudoun County § 1080.16(c) (1999) stipulate as follows:

Solid waste shall not be deposited closer than 300 feet to any residential property line and 200 feet to any commercial or industrial

property. The Board of Supervisors may reduce this setback distance of commercial or industrial property if the owner or operator successfully shows that a nuisance will not be created owing to the operation of the facility. . . .

The Solid Waste Management Facilities Code does not establish a minimum distance for side set backs. Waivers from a strict adherence to the set back regulations are to be judged based upon the operation of the proposed solid waste facility and whether such operation will constitute a nuisance.

Absent a waiver, the complainant would have been deprived of the ability to develop its property as a by-right use. The application of the 200 foot set back to the property would eliminate the possibility of the construction of a facility on the site.

The Board denied the requested waiver on December 2, 1998. It is reported in the minutes of the Board of Supervisors that:

> Mr. Burton moved that the Board of Supervisors deny the waiver of the required setback under Section 1080.16(c) of the Codified Ordinances of Loudoun County, as requested by Recycle America, and that in support of this action the Board finds that the requested setback is significantly less than setbacks approved for similar facilities in the County and the setback requirements set out in the State solid waste regulations, 9 VAC 20-80-360 B.4.

Prior to this action being taken by the Board, Recycle America, L.L.C., had sought and been granted a variance from the provisions of the State solid waste regulations as set out in 9 VAC 20-80-360 B.4. The variance was limited by conditions that were met in the approved site plan.

During the waiver review process, a committee of the Board had suggested that, as a condition of approval, the complainant meet certain additional conditions that would be incorporated into the site plan. Such additional conditions were met with the approval of the complainant and were subsequently incorporated into an amended site plan.

In considering the waiver, the Board's actions were governed by identifiable standards. These standards are contained within the expressed provisions of the ordinance. While the Court finds that the Board acted in its administrative capacity when it reviewed the waiver request, such a finding is unnecessary to a decision of this case. Whether the actions of the Board are to be judged by a "plainly wrong" standard applicable to administrative actions

or a higher "not fairly debatable" standard used to evaluate legislative decisions, the outcome would remain the same. *Board of Zoning Appeals v. Fowler*, 201 Va. 942 (1960); *Fairfax County v. Williams*, 216 Va. 49 (1975).

In the instant case, the Board evaluated the instant waiver request by a different standard. The Board did not conclude, either directly or by implication that the lesser set back would result in the creation of a nuisance. Similarly, the Board did not base its findings on the applicant's discrete situation. The Board concluded that because such a set back had not been granted for other similarly situated facilities, it should not grant the complainant's request. This decision sets forth a benchmark, absent from the ordinance, that weighs the outcomes of a request predicated upon a comparison with others rather than adherence to a self imposed merits-based standard.

The Court concludes that the word "may," as used in the waiver provisions of the Solid Waste Management Code, is descriptive of the power granted to the Board to decide the issue and not as a license to exercise unlimited discretion when evaluating individual requests. *Leigton v. Maury*, 76 Va. 865 (1882). To do otherwise would render meaningless the provision relating to the creation of a nuisance. Indeed, the Board had previously been advised by staff regarding the waiver requests, in general, under the ordinance, and acted upon such advice, that:

> [a] provision was included (1080.3.1e) [now 1080.05 9(e)] granting the Board authority to waive any regulation in the ordinances . . . "that will not place the Solid Waste Management Facility in non-compliance with any State or Federal requirements and upon a finding that such a waiver will not result in a negative impact on the environment or cause a public nuisance. This "waiver" section was recommended by staff *to assure a methodology for the Board to consider new and emerging technologies not anticipated during the codes review, and also to provide regulatory flexibility when the standards do not apply to a particular facility.*

Board of Supervisors' Action Item Memorandum, September 16, 1992; January 18, 1995 (emphasis added).

It is clear that each applicant's case should be judged upon its own merits and not those of others.

To the extent the Board relied upon off-site traffic demands on roads that may be used by trucks visiting the facility, such reliance was misplaced.

Although a consideration of the solid waste ordinance necessarily involves a consideration of zoning regulations, the ordinance under consideration applies to the handling of solid waste and not to land use and development in general. Loudoun County Solid Waste Management Facilities Ordinance § 1080.05(d).

Subsequent to rejecting the waiver request, the Board elected to remove material recycling facilities as a permitted use in the commercial-light industry zoning regulations. Prior to such action, the complainant had obtained a vested interest in the approved site plan. Approval of the site plan was not contingent upon conformity with the provisions of the solid waste ordinance. While the County argues that the zoning administrator made a "mistake" in approving the plan, no such mistake was made. Va. Code Ann. § 15.2-2261 (Michie 1997 & Supp. 2000).

The Board did not conclude that the waiver would create a situation specifically proscribed by the solid waste ordinance. Nothing in the record would suggest this to be the case. To the contrary, the evidence before the Board would support the waiver request. In its denial, the Board mistakenly applied standards not contemplated by the ordinance to justify the denial of the requested waiver. But for such a mistaken application, the waiver would have been approved. As noted earlier, the complainant has a vested right in such plan, notwithstanding the action of the Board to remove such use from the district. It is the Board, and not the zoning official, that made the mistake.

In summary, the Court finds that the Board's denial of the waiver application was arbitrary and capricious. Its reason for denying the application fails to conform to the standards established by the ordinance. As a result of the Board's application of an inappropriate standard, the Court is left with determining an appropriate remedy.

The Court finds that the set back waiver request was properly made pursuant to the regulations governing solid waste management facilities. Denial of the waiver request was based upon an improper standard. But for the application of such standard, the Board found no other ground, other than the application of such standard, upon which to predicate a denial of the application. Environmental Alternatives Recycling, L.L.C., may proceed to develop the tract in accordance with the amended site plan. The County will be enjoined from taking any action to enforce a side set back greater than that provided for in the waiver request submitted in accordance with the Regulations governing Solid Waste Management Facilities.